IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:09CR325** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **JULIE WIESE,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Findings and Recommendation (Filing No. 28) issued by Magistrate Judge Thomas D. Thalken recommending denial of the Defendant's motion to suppress (Filing No. 13). No objections have been filed to the Findings and Recommendation as allowed by 28 U.S.C. § 636(b)(1)(C).

The Defendant seeks an order suppressing evidence seized as a result of the December 8, 2008, search of her residence and statements made to law enforcement officers both at her residence and the police station.

Notwithstanding the absence of objections, under 28 U.S.C. § 636(b)(1)(C) the Court has conducted a de novo review of the record. The Court has read the parties' briefs and the transcript. The Court has also viewed the evidence.

**PROCEDURAL BACKGROUND**

This is a companion case to *United States v. Carlson,* 8:09CR307. Wiese is charged in the Indictment with maintaining a residence used to distribute methamphetamine. Carlson is charged in an Indictment with conspiracy to distribute and possess with intent to distribute methamphetamine (Count I) and possession with intent to distribute methamphetamine (Count II). A consolidated hearing was held on both Carlson's

motion to suppress and Wiese's motion to suppress insofar as the motions relate to the search of the residence.

## FACTUAL BACKGROUND

Judge Thalken presents a detailed statement of facts. Briefly, Carlson was arrested on drug charges after a traffic stop on December 7, 2008. Trooper Hazard had information that Carlson was trafficking in methamphetamine from a residence occupied by Carlson and Wiese in Kearney, Nebraska. On December 8, 2008, Trooper Hazard and Kearney Police Officer Jason Fuller went to Carlson's and Wiese's Kearney residence seeking Wiese's consent to search the home. Wiese allowed the officers inside, consented to a search, and led the officers to the basement where contraband was found.

Later the same day, Wiese voluntarily went to the police station where she was advised of her *Miranda* rights, waived those rights, and gave a statement. She was then arrested.

## DISCUSSION

Judge Thalken concluded: Wiese voluntarily consented to the search of the residence; and *Miranda* rights were not required at the residence because Wiese was not in custody at that time.

Because Judge Thalken fully, carefully, and correctly applied the law to the facts, the Court adopts the Findings and Recommendation in their entirety. Additionally, this Court notes that at the end of the evidentiary hearing Wiese apparently no longer contested the voluntariness of her waiver of *Miranda* rights at the police station, but rather relied on the argument that the formal statement was a fruit of the allegedly illegal search of the

residence. (Filing No. 27, at 78.) Therefore, the Court notes that because the search was not illegal, Wiese's formal statement was not the fruit of any illegality.

IT IS ORDERED:

1. The Magistrate Judge's Findings and Recommendation (Filing No. 28) are adopted in their entirety; and

2. The Defendant's motion to suppress (Filing No. 13) is denied.

DATED this 22nd day of February, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge